# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAU DINH | CIVIL ACTION |
| VERSUS | NO. 09-3019 |
| GEOFFREY STALKER, ET AL | SECTION "K"(3) |

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss Complaint Seeking Enforcement of Compensation Order Pursuant to 33 U.S.C. §921(d) Pursuant to Federal Rule of Civil Procedure 12(b)(6)" filed on behalf of defendant Raymundo Groot (Doc. 14). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

### PROCEDURAL AND FACTUAL BACKGROUND

This suit is the latest attempt by Sau Dinh to recover compensation for injuries he sustained in April 2002 while working aboard a barge for KYE, Inc. Since his injury, Mr. Dinh has filed three lawsuits seeking compensation for his injuries.[1] The Court recounts in detail the factual and procedural backgrounds of Mr. Dinh's litigation in order to place the pending motion in the proper context.

Structure Services, Inc. ("Structure") entered into an Out-Source Agreement with KYE, Inc. ("KYE") under which Structure provided KYE with a labor pool of employees for KYE's shipyard. In the Out-Source Agreement Structure agreed, among other things, to indemnify and hold KYE harmless for any claim due to negligence or injuries to their employees. Sau Dinh, a payroll

---

[1] Mr. Dinh's previously filed *Dinh v. American Freedom Vessel*, No. 03-3013 (E.D. La.) and *Dinh v. Louisiana Commerce and Trade Association-Self Insurers Fund*, No. 06-9653 (E.D. La.) seeking to recover for the injuries he sustained in April 2002

employee of Structure worked as part of that labor pool. Louisiana Commerce and Trade Association-Self Insurers' Fund ("LCTA"), the compensation carrier for Structure, began paying Mr. Dinh benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. 901, et seq. following his injury.

Thereafter Mr. Dinh filed suit against a number of defendants, including KYE for tort damages resulting from his injuries. LTCA intervened in that suit seeking reimbursement of the LHWCA benefits it has paid to Mr. Dinh. In response to a motion for summary judgment filed by KYE, the Court concluded that Mr. Dinh was a borrowed employee of KYE, and that as such he was precluded from pursuant a tort claim against KYE.

KYE also moved to dismiss the intervention filed by LCTA contending that because the contract between KYE and Structure provided that Structure would indemnify KYE for compensation payments, there was no basis for the intervention. The Court held that the indemnity provision of the Out-Source Agreement constituted a valid and enforceable indemnification agreement. The Court then dismissed LCTA's intervention concluding that because the Out Source Agreement obligated Structure to indemnify KYE for compensation benefits, LCTA was not entitled to reimbursement for the benefits paid to Mr. Dinh. The Fifth Circuit affirmed the dismissal of LCTA's intervention. *Dinh v. American Freedom Vessel*, No. 04-31243 (5th Cir. November 15, 2005). Following the dismissal of its intervention, LCTA terminated Mr. Dinh's compensation benefits.

Thereafter Mr. Dinh applied for benefits under the LHWCA. Following a hearing, an Administrative Law Judge ("ALJ") in a decision issued March 13, 2006, found KYE, which was no longer in business, to be the "responsible employer" under the LHWCA and as such liable for

Mr. Dinh's LHWCA benefits. Because of the indemnity provision of the Out-Source Agreement between Structure and KYE, a dispute erupted as to whether LCTA's Certificate of Insurance obligated it to pay LHWCA benefits to Mr. Dinh. LCTA urged that it was not liable for the benefits because it was not the "responsible carrier"under the LHWCA because it did not insure the compensation obligations of KYE, the responsible employer under the LHWCA. The ALJ declined to resolve the issue concluding that he lacked subject matter jurisdiction to interpret whether the indemnity provision of the Out-Source Agreement obligated LCTA to provide coverage for KYE's compensation liability.

Subsequently Mr. Dinh filed a suit in state court against LCTA, among others, seeking compensation benefits which LCTA removed to this Court. *Dinh v. Louisiana Commerce and Trade Association,* No. 06-9653 (E.D. La.). LCTA and Mr. Dinh filed cross motions for summary judgment on the issue of whether the insurance certificate issued by LCTA to Structure provided coverage for KYE's compensation liability. The Court granted LCTA's motion for summary judgment and dismissed Mr. Dinh's claim against it concluding that the insurance certificate did not provide coverage for KYE's compensation liability. The Fifth Circuit affirmed. *Dinh v. Louisiana Compensation Trade Association Self Insurer's Fund*, 2008 WL 5069703 (5th Cir. December 2, 2008).

Thereafter Sau Dinh filed suit against KYE seeking to enforce the ALJ's March 13, 2006 order awarding Mr. Dinh medical and disability benefits against KYE as the borrowing employer. Also named as defendants were Geoffrey Stalker, an alleged director of KYE, Joseph Hebert, the alleged Chief Financial Officer of KYE and Raymundo Groot, the alleged president of KYE whom Mr. Dinh alleged were individually obligated to satisfy the March 13, 2006 compensation order.

Raymundo Groot filed a motion to dismiss seeking dismissal Mr. Dinh's claim against him contending that because he was not provided with notice of or served with Mr. Dinh's compensation's claim, the March 13, 2006 compensation order cannot be enforced against him. Additionally, Mr. Groot seeks dismissal of the claim against him based on his allegation that he never served as the president of KYE.

LAW AND ANALYSIS

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir. 1980). In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.*, 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In Re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*

4

*Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) citing Fed. R. Civ. P. 12(b)(6).

However,

> [i]f, on a motion under Rule 12(b)(6) or 12(c) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

A number of LHWCA provisions are relevant to plaintiff's attempt to enforce the March 13, 2006 compensation order and Raymundo Groot's motion seeking dismissal from plaintiff' suit. The LHWCA provides that a claimant for benefits may file a claim for benefits with the deputy commissioner, and that,

> [w]ithin ten days after such claim is filed the deputy commissioner in accordance with regulations prescribed by the Secretary, shall notify the employer and any other person (other than the claimant), whom the deputy commissioner considers an interested party, that a claim has been filed. Such notice may be served personally upon the employer or other person, or sent to such employer or person by registered mail.

33 U.S.C. §919(b). The LHWCA also provides that a hearing may be held with respect to a claim

for benefits, and that if a hearing on the claim is ordered "the deputy commissioner shall give the claimant and other interested parties at least ten days' notice of such hearing, served personally upon the claimant and other interested parties or sent to such claimant and other interested parties by registered mail or by certified mail . . . ." 33 U.S.C. §919(c).

For purposes of this suit it is relevant that the president, secretary, and treasurer of a corporation that is an employer under the LHWCA and that fails to secure the payment of LHWCA compensation "shall be severally personally liable, jointly with the corporation, for any compensation or other benefit which may accrue . . . in respect to any injury which may occur to any employee of such corporation while it shall so fail to secure the payment of compensation as required . . . ." 33 U.S.C. §938(a). Additionally, when an employer or his officers or agents fails to comply with a final compensation order making an award for benefits under the LHWCA, the beneficiary of that compensation order may apply in a district court of proper venue, to enforce the compensation order. 33 U.S.C. §921(d). "If the court determines that the order was made and served in accordance with the law, and that such employer or his offices or agents have failed to comply therewith, the court shall enforce obedience to the order . . . ." *Id.*

Mr. Dinh's complaint alleges the following:

- that he is the beneficiary of a compensation order entered against KYE, Inc.;
- that Raymundo Groot was the president of KYE;
- that under the LHWCA, Mr. Groot, as president of KYE is legally obligated to satisfy the compensation order; and
- that KYE and that KYE and its officers and agents have failed to comply with the compensation order.

It is significant that complaint does not allege that the deputy commissioner provided Mr. Groot with either notice of Mr. Dinh's compensation claim or notice of the hearing before the ALJ. Generally,

the Court would be inclined to permit plaintiff to amend his complaint to include the necessary allegations of notice; however, permitting such an amendment is unnecessary because it would be futile.

Review of the ALJ's March 13, 2006 decision[2] establishes that Raymond Groot was not a party to the Sau Dinh's claim for compensation benefits before the ALJ, and that no one appeared for either KYE or Mr. Groot at the administrative hearing. The "Decision and Order"states that "[t]his is a claims for benefits . . . brought by Sau Dinh (Claimant) against Structure Services, Inc. (Employer), KYE, Inc. (KYE), and Louisiana Commerce & Trade Association (Carrier)." Doc. 1-2, p. 2. Moreover, the March 14, 2006 correspondence from the U.S. Department of Labor serving the parties to the claim for benefits with the Decision and Order of the ALJ does not list Raymundo Groot as an addressee of the letter. Doc.1-1. Thus, based on the documents filed by plaintiff as attachments to his complaint, it is clear that Mr. Groot did not receive the notice required under 33 U.S.C. 918(b) and (c) to enforce the compensation order against him. That conclusion is confirmed by the ALJ's "Order Denying Motion for Reconsideration" dated May 25, 2006. *In the Matter of Sau Dinh*, 200 WL 5504750 (DOL Ben. Rev. Bd. May 25, 2006). In response to the ALJ's March 13, 2006 order, the Director, Office of Worker's Compensation Programs requested that the ALJ reconsider his prior decision and reopen the case, for among other reasons, to "name KYE's president, secretary, and treasurer as parties to the proceedings, provide them with notice and an opportunity to be heard, and rule on the issue of their personal liability for the Claimant's compensation. In denying the Director's motion, the ALJ concluded:

> [T]hat the Director's motion seeks to present issues which were not

---

[2] Plaintiff attached a copy of the decision to the complaint. Doc. 1-2.

before me in this matter. The speculative alternatives proposed in the Decision and Order at page 33 relating to the liability of corporate officers of KYE or the Special Fund, were merely acknowledging an argument urged by Employer/Carrier in brief and was at best dicta.

*Id.*[3]

"The administrative law judge must give notice of the hearing, pursuant to Section 19(c), to all potentially liable entities, both corporate and individual, as well as to claimant and the Director, at their proper addresses by a trackable mailing system." *J.T. v. American Logistics Services*, BRB No. 07-0135, p.8. (April 30, 2007). The failure to comply with the notice mandate of §319(c) with respect to an individual sought to be held responsible for LHWCA benefits is fatal to an attempt to bind that individual by an award of benefits. *Id.* at p.7. "Failure to afford notice to an interested party violates 'the most rudimentary demands of due process of law.'" *Tazco, Inc. v. Director, Office of Workers Compensation Program, United States Department of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) quoting *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988).

Plaintiff has offered no evidence suggesting that Raymundo Groot received the required notice of the claim for compensation or notice of the administrative hearing. The Court notes that pursuant to Federal Rule of Civil Procedure 56(f) plaintiff seeks additional time to conduct

---

[3] The portion of the ALJ's Decision and Order addressing the "speculative alternatives" referred to by the ALJ in his denial of the motion for reconsideration states:
> Nevertheless, as correctly noted by the Employer/Carrier, if insurance coverage was not secured by KYE for its compensation obligations, under Section 38(a) of the Act, corporate officers of KYE may be individually liable for compensation. Moreover, if KYE defaults on its obligation, Claimant may arguable seek recovery from the Special Fund established by Section 44 of the Act under procedures set forth in Section 18(a) of the Act.

discovery with respect to the accuracy of Mr. Groot's contention that the ALJ's March 13, 2006 compensation order is not valid as to him as he did not have notice of the hearing stating that "KYE, Inc. did in fact have an attorney at one state of the longshore claim." Doc. 19, p. 5. Whether KYE had counsel during one stage of the longshore claim" is not determinative of or material to the issue of whether Raymundo Groot received the requisite notice of plaintiff's claim for compensation and the administrative hearing.

Plaintiff also seeks time to conduct discovery "to depose Joseph Hebert and Raymundo Groot and obtain copies of the documents that are currently in the possession of counsel for Joseph Hebert" adding that "[t]hese multiple boxes of documents include corporate documents belonging to KYE, Inc." Doc. 19, p. 4. Plaintiff does not contend that Mr. Groot received the requisite notice. Although the discovery sought by plaintiff might well yield information relevant to whether Raymundo Groot in fact served as KYE's president, the discovery sought by plaintiff does not appear to be reasonably calculated to lead to the discovery of information regarding the dispositive issue, i.e., whether Mr. Groot received the required notice under §919(c). Accordingly, the Court denies plaintiff's request for additional time to conduct discovery pursuant to Rule 56(f) and grants defendant's motion to dismiss.[4]

New Orleans, Louisiana, this 9th day of March, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Considering the Court's conclusion with respect to the notice issue, it is unnecessary for the Court to address defendant's alternative contention that Raymundo Groot should be dismissed because he never served as KYE's president.

9